IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| REENA TROTTER, <br> KARINA GRIFFEN, ESTHER HAUSS, <br> ON BEHALF OF THEMSELVES AND ALL <br> SIMILARLY SITUATED EMPLOYEES, <br><br> PLAINTIFFS, <br> vs. <br><br> MTAH ENTERPRISE, LLC <br> AND MARY TEREZA AGHASYAN, <br><br> DEFENDANTS. | § § § § § § § § § § § § § § | NO. <br><br> JURY DEMAND |

## ORIGINAL COMPLAINT

COMES NOW Plaintiffs Reena Trotter, Karina Griffen, Esther Hauss, on behalf of themselves and all similarly situated employees ("Plaintiffs"), and for their Original Complaint ("Complaint") against Defendants MTAH Enterprises, LLC, and Mary Tereza Aghasyan ("Defendants"), they state and allege as follows:

### INTRODUCTION

1. Defendants improperly classified Plaintiffs and other similarly situated workers as independent contractors. Defendants further failed to pay Plaintiffs at least minimum wage for all hours worked and an overtime premium for those hours worked in excess of forty in a workweek.

2. Defendants' conduct violates the Fair Labor Standards Act ("FLSA") and the Texas Labor Code, which requires non-exempt employees to be compensated for at least minimum wage for all hours worked and one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek. *See* U.S.C. §207(a) and Texas Labor Code §62.051.

3. On behalf of themselves and all other similarly situated employees, Plaintiff brings this lawsuit as a collective action under the FLSA, 29 U.S.C. §216(b) and a class action under

Rule 23 of the Federal Rules of Civil Procedure. Members of the collective action and class action are referred to hereinafter as the "Plaintiff Class Members."

4. This is an action brought by Plaintiffs against Defendants for violations of the minimum wage provisions of the Texas Labor Code §62.051 and the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

5. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, penalties, prejudgment interest, and a reasonable attorney's fee and costs.

## JURISDICTION AND VENUE

6. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7. The acts complained of herein were committed and had their principal effect against Plaintiff within the Houston Division of the Southern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

8. Plaintiffs Reena Trotter, Karina Griffen, Esther Hauss are individuals that resident of Harris County, Texas.

9. The Plaintiff Class Members are all current and former Aestheticians located in the State of Texas that worked for Defendants during the three-year period before the filing of this Complaint.

10. Defendant MTAH Enterprises, LLC, is company incorporated in the state of Texas that is doing business in Harris County, Texas, and can be served through its Registered Agent Mary Tereza Aghasyan, at 1475 Texas St., Apt. 1609, Houston, Texas 77002.

11. Defendant Mary Tereza Aghasyan is an individual resident of Texas who can be served at 1475 Texas St., Apt. 1609, Houston, Texas 77002. Defendant Aghasyan operates Defendant MTAH Enterprises, LLC, in Harris County, Texas. Defendant Campbell is the manager, officer and owner of MTAH Enterprises, LLC.

## COVERAGE

12. At all material times, Defendants have been an employer within the meaning of 29 U.S.C. §203(d).

13. At all material times Defendants have been an enterprise within the meaning of 29 U.S.C. §203(r).

14. Based on information and belief, at all material times, Defendant MTAH Enterprises, LLC, has had an annual gross business volume of not less than $500,000.

15. At all material times, Plaintiffs and Plaintiff Class Members were individual employees who engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §207.

## FACTUAL ALLEGATIONS

16. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

17. At all times material herein, Plaintiffs and Plaintiff Class Members have been entitled to the rights, protections, and benefits provided under the FLSA.

18. Defendants had Plaintiffs Griffin, Trotter and Hauss performed work as a Aestheticians during the period from about January 2022 until January 2023.

19. As Aestheticians, Plaintiffs Griffin, Trotter and Hauss primary duties to provide services spa services to Defendant MTAH Enterprises' customers who came to Mila's Cosmetics, Spa & Facials.

20. Defendants directly hired Plaintiffs, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. Defendants further provided the facilities at which Plaintiff was to perform their job duties for Defendants and provided all equipment necessary for Plaintiffs to perform their work.

22. Defendant improperly classified Plaintiffs and Plaintiff Class Members as independent contractors and deemed them as exempt from the minimum wage and overtime requirements of the FLSA.

23. Plaintiffs' work followed the usual path of employer-employee relationships; Defendants treated Plaintiffs as independent contractors only for tax purposes and for the benefit and convenience of the Defendants.

24. Defendants, at all times relevant hereto, knew that Plaintiffs and Plaintiff Class Members were acting as employees rather than as independent contractors, and treated Plaintiffs as employees for all purposes except the manner in which Plaintiffs and Plaintiff Class Members were compensated.

25. Defendants required regular attendance at company meetings and events.

26. Defendants did not pay Plaintiffs on a salary basis.

27. Plaintiffs did not financially invest in Defendants' businesses.

28. Plaintiffs did not share in Defendants' profits or losses.

29. Defendants, not Plaintiffs, set prices for services for Defendants' customers.

30. Defendants determined Plaintiffs' pay scale for services without input from or negotiation with Plaintiffs.

31. Defendants, not Plaintiffs, decided whether and how many other Aestheticians and other workers to hire.

32. Plaintiffs were hired to work for Defendants for a continuous and ongoing period of time.

33. Plaintiffs were hired to work for Defendants on an exclusive basis.

34. Plaintiffs did not have any control of or authority over any employee's rate of pay or working hours.

35. Defendants set policies and rules which Plaintiffs were required to follow.

36. Defendants made decisions on advertising Defendants' business without input from Plaintiffs.

37. Plaintiffs regularly worked hours over 40 per week.

38. Defendants failed to pay Plaintiffs for all the hours that they worked.

39. Plaintiffs did not qualify for any exemption to overtime rules as stated in the FLSA.

40. At all relevant times herein, Defendants have deprived Plaintiffs of proper minimum wage for all hours worked and proper overtime compensation for all of the hours worked over forty per week.

41. Defendants knew or should have known that Plaintiffs were working hours that went unrecorded and uncompensated.

42. Defendants knew, or showed reckless disregard for whether they were proper classified, and the way they classified and paid Plaintiffs and their actions in violation of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

44. Plaintiffs bring this action individually and on behalf of all other individuals similarly situated pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals were employed by Defendants within the meaning of the FLSA, as Aestheticians. The proposed collective is defined as follows:

> All persons who worked for Defendants as Aestheticians or in other positions within the Mila's Cosmetics, Spa & Facials that were classified as independent contractors at any time within three years prior to the commencement of this action ("Collective"), and who were not paid all wages earned and due for hours worked.

45. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and their consent forms are attached as Exhibit A.

46. As this case proceeds, it is expected that additional individuals will file consent forms and join as opt-in Plaintiffs.

47. Defendants' failure to pay Plaintiffs and the Collective members the minimum wage and overtime premiums results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of individual Plaintiffs or Collective members.

48. Plaintiffs estimate the size of the Collective to be at least 20. The precise size of the Collective can be ascertained from records of the Defendants.

49. Defendants failed to pay the Plaintiffs and the Collective the minimum wage and overtime premiums.

50. Defendants' conduct was widespread, repetitious, and consistent.

51. Defendants' conduct was willful and in bad faith.

## CLASS ACTION ALLEGATIONS

52. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

53. Plaintiffs bring their claims under the Texas wage and hour laws as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals who are current and former employees of Defendants since September 2020.

54. The proposed Rule 23 Class is defined as:

> All persons who worked for Defendants as Aestheticians or in other positions within the Mila's Cosmetics, Spa & Facials that were classified as independent contractors at any time within three years prior to the commencement of this action (the "Class").

55. The individuals in the proposed Class are so numerous that joinder of all members is impracticable.

56. There are questions of law and fact common to the proposed Class, including but not limited to:

(a) Whether Defendants failed and/or refused to pay minimum wages to the proposed Class for all hours worked.
(b) Whether these failures or refusals violated Texas Labor Code §62.051.
(c) Whether these actions violated the Texas Labor Code.
(d) How to measure damages sustained by the members of the proposed Class

57. Plaintiffs' claims are typical of those of the proposed Class.

58. Plaintiffs will fairly and adequately represent the interests of the Class and have retained counsel highly experienced in wage and hour and class action litigation.

59. The questions of law and fact common to the Class predominate over any questions solely affecting individual members of the proposed Class.

60. A class action is superior to other methods for fairly and efficiently adjudicating this dispute.

## COUNT I
### Violation of the FLSA – Minimum Wage

61. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

62. To date, Defendants have not paid the Plaintiffs and those similarly situated the FLSA minimum wage within the period between at least March 2020 and the present.

63. During workweeks within the period between March 2020, and the present, Defendants paid Plaintiffs and those similarly situated less than the minimum hourly wage per hour as required under 29 U.S.C. § 206(a)(1) because Defendants did not pay Plaintiff for all hours worked.

64. Defendants acted willfully or with reckless disregard as to their obligation to pay workers a minimum hourly wage, and, accordingly, the violation was willful for purposes of the Fair Labor Standards Act, 29 U.S.C. §§ 255(a) and 260.

65. As a result of Defendants' unlawful conduct, Plaintiffs have incurred loss of wages in an amount to be determined at trial, along with liquidated damages, penalties, attorney's fees, and costs of litigation.

## COUNT II
### Violation of Texas Labor Code Section 62.051 – Minimum Wage

66. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

67. During workweeks within the period between March 2020, and the present, Defendants paid Plaintiffs and those similarly situated less than the applicable minimum hourly wage under Texas Labor Code Section 62.051.

68. Specifically, Defendants would not compensate Plaintiffs for all hours worked.

69. Defendants' failure to pay Plaintiffs and those similarly situated the minimum hourly wage for each hour worked violates Texas Labor Code Section 62.051.

70. As a result of Defendants' unlawful conduct, Plaintiffs have incurred a loss of wages in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation per Texas Labor Code Section 62.201

## COUNT III

## VIOLATION OF THE FLSA - OVERTIME

71. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

72. Plaintiffs asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. S 201, *et. seq*.

73. At all relevant times, Defendants have been, and continued to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. S 203.

74. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. S 213 and all accompanying DOL regulations.

75. Defendants misclassified Plaintiffs as exempt from the requirements of the FLSA by wrongfully classifying him as an independent contractor.

76. Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiffs 1.5x their regular rate for all hours worked in excess of 40 per week.

77. Defendants failed to pay Plaintiffs a sufficient minimum wage for all hours worked.

78. Defendants knew or should have known that their actions violated the FLSA.

79. Defendant's conduct and practices, as described above, were willful.

80. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided

by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

81. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. S 216(b).

82. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs on behalf of themselves and all other similarly situated employees respectfully pray that Defendants be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Issue an order permitting this matter to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. §216(b) to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Issue an order certifying the case a Rule 23 Class action;

D. Enter a declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and the Texas Labor Code, and its related regulations;

E. Award Plaintiffs and Class Members judgment for damages suffered equal to all unpaid wages including both minimum wage for hours worked and overtime premiums for all weeks where Plaintiff worked in excess of 40 hours, under the FLSA and its related regulations;

F. Award Plaintiffs and Class Members judgment for liquidated damages owed pursuant to the FLSA and the Texas Labor Code, and its related regulations;

G. Award Plaintiffs and Class Members judgment for liquidated damages owed pursuant to the Texas Labor Code;

H.	An order directing Defendants to pay Plaintiffs and Class Members interest, all reasonable attorney's fee and all costs connected with this action; and

I.	Such other and further relief as this Court may deem just and proper.

J.	Plaintiff hereby demands a trial by jury.

/s/ Mark D Downey
_____
Mark D. Downey, *attorney in charge*
Texas Bar No. 00793637
5308 Ashbrook
Houston, Texas 77081
Phone: 214-764-7279
mdowney@dlawgrp.com

**ATTORNEY FOR PLAINTIFFS**